**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

| | | |
|---|---|---|
| **TANIA REYES** | : | **CHAPTER 13** |
| | : | |
| **Debtor** | : | **BANKRUPTCY NO.  18-17989-amc** |

**DEBTOR'S MOTION TO COMPEL COMPLIANCE BY
UBER TECHNOLOGIES, INC., WITH SUBPOENA SERVED ON SEPTEMBER 28, 2021**

The Debtor, Tania Reyes, by and through counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby moves this Honorable Court, pursuant to Bankruptcy Rule 9016 and Fed.R.Civ.P. 45(d) to compel compliance by Uber Technologies, Inc., with the subpoena served on September 28, 2021, and in support thereof respectfully represents as follows:

1. This case was filed by the Debtor on December 3, 2018, to prevent the loss of the Debtor's home, to reorganize her financial affairs, and to obtain a fresh start.

2. Kenneth E. West, Esquire, is the duly appointed Chapter 13 Standing Trustee.

3. One of the creditors listed by the Debtor on Schedule E was the Internal Revenue Service based on an assessment made by the Internal Revenue Service that was inconsistent with the Debtor's filed federal tax return for 2016. The Debtor's Schedule E listed the amount owed as $0 and that the potential claim of the Internal Revenue Service was disputed.

4. The Department of the Treasury – Internal Revenue Service (hereinafter "IRS") filed its Proof of Claim No. 6 on or about March 1, 2019, asserting a claim in the amount of $13,840.93, of which $11,534.27 is claimed as priority, and the remaining $2,306.66 balance is listed as an unsecured general claim (*see* copy of the Proof of Claim No. 6 filed by the IRS attached hereto and incorporated herein, marked as Exhibit "A").

5. Proof of Claim No. 6 includes alleged personal income tax due, penalty to petition date, and/or interest to petition date for income tax allegedly owed for the tax year 2016.

6. The reassessment of the Debtor's 2016 tax return and filing of Proof of Claim No. 6 are based on alleged unreported contract income earned by the Debtor as a driver for Uber.

7. Reportedly, Uber submitted information on the Debtor's 2016 earnings to the IRS (but only gross earnings, with no information provided on expenses), which in turn, led to the reassessment and Claim No. 6.

8. The Debtor attempted to contact Uber Technologies, Inc., owner and operator of the Uber ride sharing service for which the Debtor had been a driver in 2016, to obtain certain records that would demonstrate her expenses associated with driving for Uber, but she was unable to obtain the records.

9. On September 11, 2019, the Debtor filed an Objection to IRS Claim No. 6, but the Court dismissed the Objection without prejudice on January 7, 2020.

10. After attempts by Debtor's counsel to contact Uber for the expense information also proved unsuccessful, the Debtor, through counsel, issued a subpoena to Uber Technologies, Inc. (*see* copy of subpoena attached hereto and incorporated herein, marked as Exhibit "B").

11. On September 28, 2021, the subpoena was served on Uber Technologies, Inc. via its registered agent, CT Corporation (*see* copy of Proof of Service of subpoena attached hereto and incorporated herein, marked as Exhibit "C").

12. The return date for the documents subpoenaed by the Debtor from Uber Technologies, Inc. was October 12, 2021 (*see* Exhibit "B").

13. Uber Technologies, Inc. did not submit the documents, file or serve any written or other objection to producing the materials sought by the Debtor in the subpoena, or communicate with the Debtor or Debtor's counsel on or before October 12, 2021, or any time since then.

14. Bankruptcy Rule 9016 and Fed.R.Civ.P. 45(d) permit the Debtor to seek an Order compelling Uber Technologies, Inc. to provide the subpoenaed documents to the Debtor.

15. The information sought by the Debtor are the records of her own activities, financial data and transactions while she was an Uber driver and do not contain any privileged material, or material that would otherwise be subject to protection for the benefit of Uber Technologies, Inc.

16. The Debtor seeks an Order compelling Uber Technologies, Inc. to produce the subpoenaed documents without objection under penalty of sanction if Uber Technologies, Inc. does not comply with the Order sought to compel production of the documents sought by the Debtor.

17. The documents sought by the Debtor from Uber Technologies, Inc. are essential to the Debtor's ability to file an amended 2016 tax return that will result in a reduction or elimination of her tax liability to the IRS for that year, so her Chapter 13 Plan may be confirmed.

WHEREFORE, the Debtor requests this Honorable Court to enter Order in the form attached to compel production of subpoenaed documents by Uber Technologies, Inc.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor